MURDOCK, Justice
(concurring specially).
I do not read the main opinion’s quotation of certain passages from this Court’s opinion in Ex parte Cupps, 782 So.2d 772 (Ala.2000), as suggesting that a right to a trial by jury may be deemed to have been waived only in the two circumstances noted in the quoted passages of that opinion, i.e., where federal law imposes the waiver or there is a prelitigation contractual waiver. In this regard, I note that an in judicio waiver may occur expressly or as a result of a failure of a party to make “a demand therefor in writing ... not later than thirty (30) days after the service of the last pleading directed to such issue.” Rule 38(b), Ala. R. Civ. P.; see also Rule 38(d). The answer the trial court allowed to be filed in this case, and in which a jury demand appears, was “the last pleading directed to [the] issue[s]” Carson Sweeney seeks to have tried by a jury.